IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00692-MR

| | |
|---|---|
| THOMAS ALLEN CHEEKS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> LESLIE COOLEY DISMUKES[1], ) <br> Secretary, North Carolina ) <br> Department of Adult Correction, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] filed December 28, 2022, pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [Doc. 9].

## I. PROCEDURAL BACKGROUND

Thomas Allen Cheeks (the "Petitioner") is a prisoner of the State of North Carolina. On November 1, 2017, he was convicted after a bench trial in Gaston County Superior Court on one count of first-degree murder by

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is now the proper respondent.

starvation and one count of negligent child abuse resulting in serious bodily injury.[2] [Doc. 10-2]. Following his conviction, the Petitioner was sentenced to a consolidated term of life imprisonment without parole. [Doc. 10-3].

The Petitioner filed a direct appeal asserting that the trial court committed four errors: (1) insufficient evidence existed to support the verdict of guilty to murder by starvation; (2) the trial court failed to find that Petitioner acted with malice, a required element of murder by malnutrition; (3) the trial court committed plain error by failing to instruct itself on the element of malice for murder by starvation; and (4) the trial court returned a verdict of guilty on negligent child abuse based on a theory not alleged in the indictment. [Doc. 10-5]. Finding no error, the appellate court affirmed the Petitioner's convictions and sentence. State v. Cheeks, 267 N.C. App. 579, 833 S.E.2d 660 (N.C. App. Oct. 1, 2019); [Doc. 10-8]. The Petitioner sought discretionary review from the North Carolina Supreme Court, which granted his review request, but ultimately affirmed the court of appeals' decision. State v. Cheeks, 377 N.C. 528, 858 S.E. 2d 566 (June 11, 2021); [Doc. 10-14].

---

[2] The state trial court found Petitioner not guilty of child abuse inflicting serious bodily injury, and not guilty of first-degree murder under theories of (1) premeditation and deliberation with use of a deadly weapon; (2) in preparation of a felony; or (3) by torture. [Doc. 10-2 at 6].

2

The Petitioner neither sought further direct review by filing a petition for writ of certiorari in the U.S. Supreme Court, nor did he institute any state actions collaterally attacking his judgment. [Doc. 1 at 3].

The Petitioner filed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in this Court on December 28, 2022.[3] [Doc. 1]. Petitioner raised six claims in the petition: (1) insufficient evidence existed to support the verdict of guilty to murder by starvation; (2) the trial court failed to find that Petitioner acted with malice, a required element of murder by starvation; (3) the North Carolina appellate courts erred by affirming the trial court's verdict of guilty on negligent child abuse based on a theory not alleged in the indictment; (4) the state failed to present expert testimony establishing that starvation caused the decedent's death; (5) the trial court erred by failing to instruct itself that willfulness is an element for murder by starvation; and (6) the trial court returned a verdict of guilty on negligent child abuse based on a theory not alleged in the indictment. [Doc. 1 at pp 18-29]. The Court directed the Respondent to answer or otherwise respond to the petition by order dated

---

[3] There is a discrepancy concerning the date Petitioner filed his petition. The file stamp date appearing on the Docket shows December 28, 2022. [Doc. 1]. The date Petitioner states he placed his petition in the prison mail system shows November 27, 2022. [Id. at 15] (the prison mailbox rule deems a federal habeas petition timely filed if it is "deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d) of the Rules Governing Section 2254 Cases). As discussed below, these differing dates do not alter the outcome of this matter.

April 29, 2024. [Doc. 5]. The Respondent filed a Motion to Dismiss [Doc. 9] and a Memorandum in support thereof on July 15, 2024. [Doc. 10]. The Petitioner filed a Response to the Respondent's dismissal motion on August 26, 2024. [Doc. 11]. Respondent's dismissal motion is now ripe for review.

## II. DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack his state court criminal judgment is subject to a one-year statute of limitations.

> The AEDPA, as amended in 1996, provides in relevant part:
>
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> * * * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1)(A) and (d)(1)(D). Respondent argues that Petitioner filed this action beyond the limitations period under either § 2244(d)(1)(A) or (d)(1)(D) and the petition, therefore, should be dismissed. [Doc. 10 at 9-15]. The Court begins by addressing the limitations period under the finality of judgment subsection, 2244(d)(1)(A).

North Carolina's direct review process begins with an appeal from the trial court to the North Carolina Court of Appeals. Petitioner pursued a direct appeal to the Court of Appeals which affirmed his convictions and sentence on October 1, 2019. [Doc. 10-8 at 2]. Petitioner sought further review of his case in the North Carolina Supreme Court which affirmed the appellate court's decision on June 11, 2021. [Doc. 10-14 at 2]. Petitioner did not seek further review in the U.S. Supreme Court.

After a state's highest appellate court issues its decision in the direct appeal of a criminal case, a defendant who timely files a petition for writ of certiorari with the United States Supreme Court thereby tolls the habeas statute of limitations period while such petition is pending. If no petition for a writ of certiorari is filed in the United States Supreme Court on direct review, the one-year limitation period for filing a habeas corpus petition begins running when the time for doing so has elapsed, normally 90 days pursuant to Supreme Court Rule 13. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).

In this case, however, Petitioner was afforded a total of 150 days to file his certiorari petition due to a temporary rule issued by the Supreme Court in response to the then-ongoing COVID-19 pandemic. See Miscellaneous Order of July 19, 2021, 594 U.S. ---- (July 19, 2021), https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order).

Since Petitioner did not seek Supreme Court review, his judgment thus became final on November 8, 2021, one hundred fifty days following the issuance of the North Carolina Supreme Court's decision. Petitioner therefore had one year – until November 9, 2022 – to file his petition with this Court to comply with the AEDPA limitations deadline. At the earliest, Petitioner filed this § 2254 action on November 27, 2022, when he certified in his petition that said document "was placed in the prison mailing system" on that date. Nevertheless, a November 27, 2022, filing date for the petition, the earlier of Petitioner's two filing dates, was clearly beyond the expiration of the limitations period and the petition is therefore untimely under § 2244(d)(1)(A).

The limitations period for the purposes of 28 U.S.C. § 2244(d)(1)(D) is determined from when discovery of the factual predicate for the habeas claim could have been reasonably discoverable through the exercise of due diligence. Section 2244(d)(1)(D) does not commence when the factual predicate was actually discovered by a given prisoner but when it could have been discovered by due diligence. Owens v. Boyd, 235 F.3d 356, 359 (4th Cir. 2000)

Here, Petitioner knew or should have known the factual predicates of his six alleged claims at the times the respective state trial and appellate courts entered their judgments against him. Petitioner was present throughout his trial. Similarly, Petitioner was in contact with his appellate counsel throughout his direct appeal. Accordingly, he knew all the facts established at trial, he knew what evidence was admitted, he knew what testimony was presented, he knew what arguments the prosecution made, and he knew what actions his trial and appellate counsel took on his behalf. In short, the factual predicates for all six claims Petitioner asserts originate from the universe of facts attendant to his trial and direct appeal. As such, the limitations period, for the purposes of 28 U.S.C. § 2244(d)(1)(D), began to run on June 11, 2021, when the North Carolina Supreme Court issued its decision affirming Petitioner's convictions and sentence, and expired one

year later on June 12, 2022. Petitioner's November 27, 2022, filing date for the petition, the earlier of his two filing dates, was clearly beyond the expiration of this limitations period and the petition is therefore untimely under § 2244(d)(1)(D).

While the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Harris, 209 F.3d at 330.

In response to Respondent's argument that the petition is untimely, Petitioner simply states, "I am well within the limitations of the AEDPA one-year statute of limitations, as well as Section 2244(d)(1)(A) and claim I am timely pursuant to 28 U.S.C. § 2244(d)(1)(D) (see Ex.A)" [Doc. 11 at 2]. The "Ex.A" to which Petitioner refers is a four-page letter from a staff attorney with the North Carolina Prisoner Legal Services, Inc., addressed to Petitioner and dated September 26, 2022. Such letter concludes with the opinion of counsel stating, "According to my calculations, your federal statute of limitations expires on November 29, 2022." [Doc. 11-1 at 4]. As explained above, the statute of limitations applicable pursuant to § 2244(d)(1)(A)

8

expired November 9, 2022.[4] The deadline communicated to Petitioner by counsel with the prisoner legal services is erroneous.[5] To the extent Petitioner relies on this incorrect advice to invoke equitable tolling, Petitioner's reliance is misplaced. "In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris, 209 F.3d at 331. Petitioner, therefore, is not entitled to equitable tolling. The pending § 2254 petition is untimely, and this Court is without jurisdiction to review the same.

## III. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The § 2254 petition shall be dismissed as having been filed outside of the applicable limitations period prescribed by both 28 U.S.C. § 2244(d)(1)(A)

---

[4] The Court uses the limitations period established by § 2244(d)(1)(A) as it is the "latest of" the two pertinent periods. 28 U.S.C. § 2244(d)(1).

[5] Petitioner argues, without explanation, that he had until November 29, 2022, to file his Petition. The Court is left to surmise the source of the additional twenty days Petitioner claims. It appears this may arise from the mandate of a North Carolina appellate court being filed twenty days after its decision is issued. N.C. Rules App. Proc. Rule 32. The United States Supreme Court, however, specifically excludes such time under its Rule 13.3. "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and *not from the issuance date of the mandate* (or its equivalent under local practice)." Id. In accord, Wright v. Stonebreaker, Case No. 0:21-cv-3495-TLW, 2023 WL 1960965, slip op. at *4 (D.S.C. Feb. 13, 2023) (emphasis added).

and (d)(1)(D). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss [Doc. 9] is **GRANTED** and the Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

3. The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, Secretary of the North Carolina Department of Adult Correction, as the Respondent in this action.

10

Case 3:22-cv-00692-MR    Document 12    Filed 09/02/25    Page 10 of 11

**IT IS SO ORDERED.**

Signed: September 2, 2025

Martin Reidinger
Chief United States District Judge